UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CLETA REYNOLDS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:06CV00009 ERW |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Larry Crawford, Randee Kaiser, Jon Warren, Robert Capowski, Denis Agniel, Cindy Prudden, George Lombardi, and Nancy Yonkers' Motion to Dismiss [doc. #21] for failure to state a claim upon which relief can be granted and Defendant Sripatt Kulkanthorn's Motion to Dismiss for failure to exhaust administrative remedies [doc. #23].

## **I. BACKGROUND**

This case was filed by Plaintiff Cleta Reynolds against numerous staff members, and medical professionals of the Missouri Department of Corrections for violations of her Eighth and Fourteenth Amendment rights. The Plaintiff is currently incarcerated in the Women's Eastern Reception and Diagnostic Correctional Center, in Vandalia, Missouri. The Plaintiff suffers from a chronic illness known as "dilated cardiomyopathy," which she states is "life threatening."[1] In her

---

[1] Dilated Cardiomyopathy is a term describing a group of disorders where the heart muscle is weakened and cannot pump effectively. The net result is dilation of the cardiac chambers. The poor cardiac function results in congestive heart failure. Congestive heart failure is a weakening of the heart and is characterized by shortness of breath, swelling, weakness, and fatigue.

1

Complaint, she makes two claims. First, she alleges that she is being denied release on medical parole. Second, she alleges that she is being denied adequate medical care for her condition. This denial of adequate medical care includes a failure by Defendants to place her on a heart transplant list and a delay of fifteen months before the Plaintiff was evaluated by a specialist. Defendants' filed a motion to dismiss for failure to state a claim, based on the Plaintiff's alleged failure to exhaust her administrative remedies, and failure to allege sufficient facts to state a claim under either the Eighth or Fourteenth Amendments. [docs. #21, 23]. The Correctional Defendants also raise a claim of official immunity.[2]

## II. STANDARD OF REVIEW

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations

---

[2]Defendant Kulkanthorn does not raise the defense of Official Immunity in his motion to dismiss for failure to state a claim. Furthermore, the case against the correctional Defendants is ruled without the need to address their immunity defense.

that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

## III. DISCUSSION

### A. Failure to Exhaust

Defendants Crawford, Kaiser, Warren, Capowski, Agniel, Prudden, Lombardi, and Yonkers (collectively the "Correctional Defendants"), and Defendant Kulkanthorn, first argue that the Plaintiff has failed to exhaust her administrative remedies and therefore the suit should be dismissed pursuant to 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Plaintiff responds that she filed the appropriate Informal Resolution Request (IRR) form, she then filed an Inmate Grievance, and an Inmate Grievance Appeal, in accord with the prison's grievance procedure. The issue raised by all Defendants on the question of exhaustion, is the failure of the Plaintiff to specifically name any of the correctional Defendants, or Defendant Kulkanthorn, on the IRR, the Inmate Grievance, or the Inmate Grievance Appeal.

It is clear, that under the PLRA, exhaustion of administrative remedies is mandatory, and therefore the failure of a prisoner to exhaust such remedies warrants dismissal. *Jones v. Bock*, 127 S.Ct. 910, 918-919 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("The Supreme Court further addressed the issue of exhaustion under

section 1997e(a) in *Porter*, holding that exhaustion is now mandatory." (Citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Although the plaintiff is required to exhaust, it is the defendant who has the burden of pleading and proving exhaustion, as it is an affirmative defense. *Jones*, 127 S.Ct. at 919; *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) ("[W]e recognize that reliance upon the PLRA exhaustion requirement is an affirmative defense. . .."). However, as noted by the Supreme Court, "this is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim." *Jones*, 127 S.Ct. at 921.

Both the Plaintiff and Defendants have attached copies of the IRR, Inmate Grievance, and Inmate Grievance Appeal, completed by the Plaintiff. It is clear from reviewing these documents that the content of the administrative complaints was the failure of the correctional facility to provide the Plaintiff with adequate medical attention, specifically the failure to place her on a heart transplant list, and the failure to approve her for medical parole. These are the same issues that are the subject of the instant lawsuit, and therefore the Plaintiff has exhausted her administrative remedies as to all claims. The question remains whether she has exhausted her administrative remedies as to all Defendants.

In the recent Supreme Court decision of *Jones v. Bock*, the Court clarified the parameters of the PLRA exhaustion requirement. 127 S.Ct. at 910. Specifically, the Court rejected Sixth Circuit jurisprudence which required the Plaintiff to name all the defendants in the administrative proceedings. *Id.* at 922. The Court adopted a rule that requires courts to look to the specifics of the prison grievance policy, in order to determine whether the failure to name a specific defendant renders the case subject to dismissal for failure to comply with the internal administrative procedures. *Id.* at 922-23 ("Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"). The Court further recognized that this rule will

4

result in different requirements, depending on the level of detail necessary to comply with the grievance procedures. *Id*. at 923. As the Court held, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* In support of this rule, the Court looked at the benefits of the PLRA's exhaustion requirement, and noted, that although the grievance procedure may alert prison officials to a problem, it is not intended "to provide personal notice to a particular official that he may be sued." *Id.* (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

Due to the Supreme Court's holding in *Jones*, it is necessary for this Court to look to the Missouri Prison guidelines to determine whether the Plaintiff properly exhausted her administrative remedies. *Id*. The Plaintiff clearly listed the complaints she had against the prison officials and Dr. Kulkanthorn, and their failure to adequately provide for her medical needs, and the failure to grant her medical parole. Given the language in *Jones*, this would appear to be sufficient to "alert prison officials to a problem." *Id.* The Court, having reviewed the prison grievance procedures, was unable to find any provision requiring that the prisoner list all prison personnel against whom the grievance is filed. Rather, the procedure details who is to review the complaint, and what steps the prisonor is to take if at any time during the process the complaint is not satisfactorily resolved. In light of the recent Supreme Court decision, this Court finds that the Plaintiff has exhausted her administrative remedies. Defendants were clearly placed on notice regarding the nature of the Plaintiff's complaint, and given the opportunity to rectify the problems asserted. Therefore Defendants Motion to Dismiss based on failure to exhaust is denied.

**B. Constitutional Claims**[3]

---

[3]The proceeding analysis regarding exhaustion of administrative remedies applied equally to the correctional defendants, and to Defendant Kulkanthorn. However, the arguments regarding the substantive claims will be addressed as to the correctional Defendants and Dr.

The correctional Defendants also assert that the Plaintiff has failed to allege facts sufficient to support her constitutional claims against the correctional Defendants. First, Defendants allege that the Plaintiff has failed to satisfy the pleading requirements under the federal rules of civil procedure. Second, Defendants assert that the Plaintiff has failed to show that the Correctional Defendants deprived the Plaintiff of a constitutional right, as required under § 1983. The Plaintiff disagrees with both these assertions.

Defendants briefly raise in their Memorandum in Support of their Motion to Dismiss, the argument that the Plaintiff's complaint fails to satisfy the notice pleading standard in Federal Rule of Civil Procedure 8(a)(2). Specifically, that "it does not provide fair notice of the claim and the grounds upon which the claim relies with respect to correctional defendants." *Def. Memo. in Support of Defs. Mot. to Dismiss*, 4. This argument is not compelling. Rule 8(a) states that "[a] pleading which sets forth a claim for relief. . .shall contain. . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). The Plaintiff's complaint clearly sets forth that she believes Defendants violated her Eighth and Fourteenth amendment rights by denying her access to needed medical treatment. She even specifically alleges deliberate indifference and cruel and unusual punishment in violation of the Eighth and Fourteenth amendments. *Pl. Comp.*, 6. Therefore, the Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 8(a).

The Correctional Defendants further contend that the Plaintiff has failed to allege facts sufficient to support a violation of § 1983. There are two questions that must be answered affirmatively in order to state a claim under § 1983: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a

---

Kulkanthorn separately.

person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Isakson v. First National Bank, Sioux Falls*, 985 F.2d 984, 986 (8th Cir. 1993) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (Internal citation omitted)). For purposes of the following analysis, the Court will assume that the Defendants were acting under color of state law. Therefore, the focus is on whether the Plaintiff has alleged a violation of a right secured by the Constitution. The Court will address the Eighth and Fourteenth Amendment claims in turn.

### 1. Eighth Amendment

The Eighth Amendment prohibits "cruel and unusual punishments," which has been defined to include the conditions and treatment a prisoner receives in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to prevail on a claim under the Eighth Amendment, "an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). Specifically, the Supreme Court has held, that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). However, the Supreme Court is clear that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105. The Plaintiff must show deliberate indifference which "entails a level of culpability equal to the criminal law definition of recklessness, that is a prison official must both be aware of facts from which the

7

inference could be drawn that a substantial risk of serious harm exists, and he must also draw such inference." *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (internal citations omitted). Furthermore, the fact that a doctor's "method of physical examination and treatment may not have followed community standards. . .does not amount to deliberate indifference in violation of the Eighth Amendment." *Bellecourt v. U.S.*, 994 F.2d 427, 431 (8th Cir. 1993); *see also Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"). Deliberate indifference is a high standard, that is not easily met by a plaintiff alleging a lack of adequate medical care.

First, the Court addresses the objective requirement, whether the Plaintiff had a serious medical need. The Plaintiff suffered from Dilated Cardiomyopathy, which is undisputedly a serious medical condition. However, the Eighth Circuit has qualified the definition, by requiring a plaintiff to show that the specific treatment requested is a serious medical need. *See e.g. Bender*, 385 F.3d at 1137 ("In this case. . .though an HCV infection is unquestionably a serious medical problem, the Eighth Amendment issue is not whether the infection itself is a 'serious medical need' but rather whether Bender had a serious medical need for prompt interferon treatment."). If the required treatment of the Plaintiff's condition is a heart transplant, then this would qualify as an objectively serious medical need within the meaning of the Eighth Amendment. Therefore the Plaintiff has satisfied her burden on this point.

The second requirement under the Eighth Amendment is that the Defendants show *deliberate indifference* to the Plaintiff's serious medical need. The two major complaints made by the Plaintiff are the failure of medical personal to place her on a heart transplant list, and the failure of prison personal to recommend her for medical parole. Neither one of these allegations

8

states any facts that rise to the level of recklessness. *See Bender*, 385 F.3d 1133. The Correctional Defendants, Larry Crawford, Denis Agniel, Jon Warren, Randee Kaiser, George Lombardi, Robert Capowski, Cindy Prudden, and Nancy Yonkers, are all alleged to have knowingly denied medical care, and to have prevented the Plaintiff from receiving medical parole. As an initial matter, the issuing of medical parole is a determination to be made by the parole board, and the failure to grant such parole, does not rise to the level of cruel and unusual punishment. *Gross v. Buescher*, 791 F.Supp. 796, 798 (E.D.Mo. 1992) ("an inmate may be granted a medical release by the parole board to receive medical treatment not available in the department or because the inmate is terminally ill"). Therefore the Court will focus on the Plaintiff's complaint that she should be placed on the heart transplant list. A plaintiff may state a claim of deliberate indifference against prison guards if they "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002). The Plaintiff has not alleged such facts against the correctional defendants, rather she has alleged only that they prevented her from being placed on a heart transplant list. This is a medical decision, and as the Plaintiff has failed to allege that the correctional Defendants denied her access to a medical professional, or emergency medical attention, she has failed to allege facts sufficient to state a claim under the Eighth Amendment.

The Plaintiff also alleges that Defendant Kulkanthorn prevented her from being placed on the heart transplant list. Whether he intentionally denied the Plaintiff's need to be placed on the transplant list, or denied her access to a specialist who could make such a determination will be determined in the future. However, at this preliminary stage the Court must take all allegations in the complaint as true. The Court finds that the Plaintiff has alleged sufficient facts against

9

Defendant Kulkanthorn to state a claim under the Eighth Amendment. Therefore, Defendant Kulkanthorn's Motion is denied as to the Plaintiff's Eighth Amendment Claim.

### 2. Fourteenth Amendment

The Plaintiff also alleges a violation of her Fourteenth Amendment due process rights based on the same facts as her Eighth Amendment claim. "In order to succeed, a complaint for a violation of substantive due process rights must allege acts that shock the conscience. . .." *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000). The Eighth Circuit specifically found that while some acts of deliberate indifference may constitute a violation of substantive due process, not all deliberate indifference will rise to this level. *Id.* In the case at hand, the Court finds that the Plaintiff did not allege acts by the correctional Defendants that rise to the level of deliberate indifference for purposes of the Eighth Amendment, and therefore, the Plaintiff clearly has failed to allege such acts for purposes of the Fourteenth Amendment. Plaintiff's failure to receive medical parole is a decision that is within the discretion of prison officials, if the Plaintiff is either unable to receive the medical care needed while incarcerated, or in some instances if the prisoner is terminally ill. *Gross*, 791 F.Supp. at 798. The failure of the Plaintiff to receive such discretionary action, clearly does not rise to the level of a due process violation. Additionally, as stated above, the Plaintiff has failed to allege any acts by the correctional Defendants to show that they denied the Plaintiff access to medical attention. Therefore the Plaintiff's Fourteenth Amendment claim against the correctional Defendants is dismissed.

Lastly, the Court addresses the Plaintiff's Fourteenth Amendment claim against Dr. Kulkanthorn. The Eighth Circuit has held that "[t]o state a substantive due process claim, [a plaintiff] must allege that a government action was sufficiently outrageous or truly irrational, that is something more than arbitrary, capricious, or in violation of state law." *Young v. City of St.*

*Charles, MO*, 244 F.3d 623, 628 (8th Cir. 2001) (internal citation omitted). The allegation against Dr. Kulkanthorn is that he failed to recommend the Plaintiff for a heart transplant, and failed to allow her to see a specialist for her heart condition in a timely manner. Although a delay in treatment may be considered negligent, the delay in seeing a specialist is not sufficiently outrageous. *See e.g. Riley v. St. Louis County of Mo.*, 153 F.3d 627, 631 (8th Cir. 1998). However, her allegation that he failed to place her on a heart transplant list raises a closer question: if the Plaintiff is able to prove that she should have been placed on a heart transplant list, and that as a result of Dr. Kulkanthorn's actions she was not, is this conduct that is so outrageous that it shocks the conscience? This question is hard to answer, as the Plaintiff has provided very few allegations in her complaint. The allegations in Plaintiff's complaint state that prior to being incarcerated she was instructed to begin the evaluation process to be placed on a heart transplant list. There is no allegation that she was on such a list and was removed upon entering the correctional facility, nor is there an allegation that she was guaranteed or entitled to receive a heart transplant, but rather she alleges that her condition was such that she may be a candidate for a heart transplant. These allegations are not sufficient to shock the conscience. The Court does not believe that these allegations, even if proven, state a claim for a substantive due process violation under the Fourteenth Amendment.

## IV. CONCLUSION

The Plaintiff has sufficiently exhausted her administrative remedies, as instructed by the Supreme Court in *Jones*, by filing an IRR, an Inmate Grievance, and an Inmate Grievance Appeal. However, the Plaintiff has failed to state a claim against the correctional Defendants for violation of either the Eighth or Fourteenth Amendments, and therefore the Plaintiff's case is dismissed against those Defendants. The Plaintiff has alleged a constitutional violation against Dr.

Kulkanthorn under the Eighth Amendment, but not under the Fourteenth Amendment. Therefore, the only claim remaining is Plaintiff's allegation of a violation of her Eighth Amendment right to be free from cruel and unusual punishment against Defendant Kulkanthorn.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Larry Crawford, Randee Kaiser, Jon Warren, Robert Capowski, Denis Agniel, Cindy Prudden, George Lombardi, and Nancy Yonkers' Motion to Dismiss [doc. #21] for failure to state a claim is **GRANTED in full.**

**IT IS FURTHER ORDERED** that Defendant Sripatt Kulkanthorn's Motion to Dismiss [doc. #23] is **GRANTED in part and DENIED in part.** The Plaintiff's claim is dismissed as to allegations of a violation of the Fourteenth Amendment, but remains as to her allegations of a violation of the Eighth Amendment.

Dated this 21st Day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE