UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CLETA REYNOLDS, | ) | |
| Plaintiff(s), | ) ) ) | |
| vs. | ) ) | Case No. 2:06CV00009-ERW |
| LARRY CRAWFORD, et al., | ) ) ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Sripatt Kulkamthorn, M.D.'s Motion for Summary Judgment [doc. #41].

## I. BACKGROUND

This case was filed by Plaintiff Cleta Reynolds against numerous staff members, and medical professionals of the Missouri Department of Corrections for violations of her Eighth and Fourteenth Amendment rights. The Plaintiff was released from custody on October 3, 2006, and currently resides in Arnold, Missouri. The Plaintiff suffers from a chronic illness known as "dilated cardiomyopathy," which she states is "life threatening."[1] In her Complaint, Plaintiff makes two claims. First, she alleges that she is being denied release on medical parole. Second, she alleges that she is being denied adequate medical care for her condition. This denial of adequate medical care includes a failure by Defendants to place her on a heart transplant list and a

---

[1]Dilated Cardiomyopathy is a term describing a group of disorders where the heart muscle is weakened and cannot pump effectively. The net result is dilation of the cardiac chambers. The poor cardiac function results in congestive heart failure. Congestive heart failure is a weakening of the heart and is characterized by shortness of breath, swelling, weakness, and fatigue.

1

delay of fifteen months before the Plaintiff was evaluated by a specialist. All Defendants filed a motion to dismiss [doc. #21], and all Counts were dismissed with prejudice against all Defendants except for Plaintiff's Eighth Amendment claim against Defendant Kulkamthorn, which remains pending. Defendant Kulkamthorn ("Defendant") subsequently filed the pending motion for summary judgment [doc. #41].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**III. DISCUSSION**

Plaintiff brings suit pursuant to 42 U.S.C. § 1983[2] claiming that Defendant violated her Eighth Amendment constitutional right to be free from cruel and unusual punishment. In *Estelle v. Gamble*, the Supreme Court ruled that the Eighth Amendment "embodies broad and idealistic

---

[2] 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]"

3

concepts of dignity, civilized standards, humanity, and decency . . . against which we must evaluate penal measures." 429 U.S. 97, 102-03 (1976) (internal citations and quotations omitted). For this reason "[t]he government is obligated 'to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.'" *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (quoting *Estelle*, 429 U.S. at 103). It is a violation of the Eighth Amendment to deny medical care for serious medical needs when the denial results in pain and suffering that serves no penological purpose. *Estelle*, 429 U.S. at 103. A serious medical need exists when a person "has been diagnosed by a physician as requiring treatment or [the need] is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)).

Specifically, in order to find an Eighth Amendment violation, the inmate has the burden of proving both a subjective and objective component. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). First, the prison official must deprive the inmate of a right that is objectively "sufficiently serious" to rise to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The "act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotations omitted). Second, "[t]o violate the Cruel and Unusual Punishment Clause a prison official must have a sufficiently culpable state of mind." *Id.* (internal quotations omitted). "[T]hat [subjective] state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* Deliberate indifference exists when the prison official "knew of, yet disregarded, an excessive risk to his health." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir. 1997)).

4

The requirements for an Eighth Amendment claim can be satisfied by either the denial of access to medical care or the interference with proscribed treatment. Deliberate indifference can be present if a prison physician chooses "an easier and less efficacious course of treatment." *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990). Similarly, cursory treatment of a serious medical condition may also constitute deliberate indifference. *Starbeck v. Linn County Jail*, 871 F.Supp. 1129, 1145 (N.D. Iowa 1994). However, just because the inmate's medical treatment may be considered "conservative," does not necessarily mean that the physician has acted with deliberate indifference. *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994). Indeed, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 97 U.S. at 106. Treatment will only be considered inadequate if it is "grossly inappropriate or evidenced intentional maltreatment." *Dulany v, Carnahan*, 132 F.3d 1234, 1241 (8th Cir. 1997).

Certain decisions are made using independent medical judgment. *See Estelle*, 97 U.S. at 107. Federal courts are reluctant to second guess treatment decisions made by competent physicians. *Bouchard v. Magnusson*, 715 F.Supp. 1146, 1149 (D. Me. 1989). "Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs." *Davis*, 992 F.2d at 153. In order for Plaintiff to succeed, she must "demonstrate (1) that [she] suffered objectively serious medical needs, and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany*, 132 F.3d at 1239 (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Defendant's motion for summary judgment will be granted if Plaintiff fails to provide support for each essential element. *Celotex*, 477 U.S. at 322-23.

The first requirement that must be satisfied is that Plaintiff had a serious medical need. *Dulany*, 132 F.3d at 1239. This is without question satisfied. Plaintiff was diagnosed and treated

for cardiomyopathy, a disease that affects the heart muscle. *Def. Statement of Uncontroverted Medical Facts*, ¶7. Defendant admits that the disease is serious, and has "various clinical manifestations including heart failure. . .." *Id.* at ¶7. The Court concludes that Plaintiff suffers from a serious medical condition, satisfying the first requirement under *Dulany*. 132 F.3d at 1239.

The Court must next determine whether Defendant "actually knew of but deliberately disregarded [Plaintiff's] needs." *Id.* The evidence provided by Defendant overwhelmingly supports the conclusion that Defendant provided adequate medical care to Plaintiff.[3] Defendant first examined Plaintiff on December 22, 2003, and examined her on numerous occasions through September 26, 2006. *Def. Statement of Uncontroverted Medical Facts*, ¶¶7, 75. The majority of these appointments were related to Plaintiff's cardiomyopathy, although she was also treated for diabetes, and a number of unspecified medical conditions. Defendant continually monitored Plaintiff's medications, and at each appointment evaluated her heart function. On numerous occasions Plaintiff ceased taking her medications, and each time Defendant counseled her on the importance of continuing her medication, and even referred her to a psychiatrist, to ensure Plaintiff's well-being. *Def. Statement of Uncontroverted Medical Facts*, ¶60. Defendant also referred Plaintiff to an outside cardiologist on numerous occasions. *Id*. at ¶¶54, 71. In response to one of those consultations, Defendant changed the prescription heart medication as advised by

---

[3]In addition, Defendant provides evidence of Plaintiff's failure to comply, on numerous occasions, with Defendant's recommendation that Plaintiff continue certain heart medications, and also missed several scheduled doctor's appointments. *See e.g. Def. Statement of Uncontroverted Medical Facts*, ¶¶55, 56 ("Dr. Kulkamthorn evaluated Ms. Reynolds on November 14, 2005 and noted her refusal of the cardiology consult and now refusing to take her prescribed Coreg.") *see also Def. Mot. for Summ. Judg.*, Ex. C-52 (Signed refusal for treatment). Although this is not directly indicative of whether Defendant acted with deliberate indifference, it supports the inference that Plaintiff was not in acute distress.

the cardiologist. Additionally, Plaintiff's cardiac function improved while incarcerated; on July 18, 2005, an echocardiogram showed cardiac function at 28% a substantial increase from the prior echocardiogram which showed cardiac function of 15%.

The Court notes that Plaintiff's main complaint is that she should have been placed on a heart transplant list. This assertion is insufficient, both due to a lack of evidence to support it, and because it asks this Court to second guess Defendant's medical decision that a heart transplant was unnecessary. Although cursory treatment of a serious medical condition may constitute deliberate indifference, the treatment in this case does not meet the definition of cursory. *See Starbeck*, 871 F.Supp. At 1145. Plaintiff has not provided any evidence that any of the outside cardiologists, to whom she was referred, recommended immediate placement on a heart transplant list. *See e.g. Def. Mot. for Summ. Judg.*, Ex. C-76 ("on schedule to have cardiac cath next week in St. louis [sic], she moved recently and she has new cardiologist, work her up for possible heart transplant. . .."). Plaintiff's condition was continually monitored, and this Court will not question the medical decisions that were made with regards to Plaintiff's treatment. *See e.g. Bouchard*, 715 F.Supp. 1149. Furthermore, Plaintiff's "[d]isagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs." *Davis*, 992 F.2d at 153. Defendant was not deliberately indifferent to Plaintiff's serous medical needs.

## IV. CONCLUSION

The Court concludes that Defendant Kulkamthorn is entitled to Summary Judgment on Plaintiff's Eighth Amendment deliberate indifference claim. Plaintiff has failed to provide sufficient evidence to support a jury verdict in her favor. The evidence shows that Plaintiff repeatedly visited the medical facilities within the prison, including the chronic care clinic, and was repeatedly referred for outside specialist consultations. At no point was Defendant advised that a

7

heart transplant was required.  Plaintiff's Eighth Amendment claim against Defendant is dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kulkamthorn's Motion for Summary Judgment [doc. #41] is **GRANTED.**

Dated this 6th Day of June, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE